

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-90,852-03, WR-90,852-04 & WR-90,852-05

## EX PARTE DONALD LYNN GAY, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 1978CR0863-W1, 1978CR0861-W1 & 1978CR0860-W1 IN THE 175TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of three charges of aggravated robbery and sentenced to forty years' imprisonment in each case. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he discharged these sentences while he was out of custody. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE § 508.253. Accordingly, the records should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person

with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state the following:

(1) Applicant's sentence-begin date,
(2) how much time was remaining on Applicant's sentence when he was released,
(3) how much time Applicant spent on mandatory supervision before any revocation warrants were issued, and
(4) the dates any revocation warrants were issued and executed.

The trial court shall make supplemental findings of fact and conclusions of law as to whether Applicant served his sentences in full before any revocation warrants were issued. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the supplemental records developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: August 19, 2020
Do not publish